UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMISSIONER OF MOTOR VEHICLES,

                       Plaintiff,

-v.-

CARMINE P. AMELIO et al.,

                       Defendants.

24 Civ. 03523 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

On April 6, 2024, Plaintiff Commissioner of Motor Vehicles commenced an action against Defendant Carime P. Amelio in the Connecticut Superior Court for the Judicial District of Litchfield (the "Connecticut Action"). *See* ECF No. 1 ¶ 1. On May 6, 2024, Defendant Amelio, proceeding *pro se*, removed the Connecticut Action to this Court. *See generally id*.

"[C]ivil actions may only be removed to the federal court embracing the place where the state action is pending." *Bank of N.Y. Mellon v. Thurairaj*, 18 Civ. 9823 (CS) (S.D.N.Y. Oct. 25, 2018) (citing 28 U.S.C. § 1441(a)). "Because the state court action was pending in the Connecticut Superior Court for the Judicial District of [Litchfield], the only proper venue for removal is the United States District Court for the District of Connecticut." *Wells Fargo Bank v. Tarzia*, 17 Civ. 1850 (KMK) (S.D.N.Y. Mar. 31, 2017) (citing 28 U.S.C. § 86); *accord Cardona v. Mohabir*, No. 14 Civ. 1596 (PKC), 2014 WL 1088103, at *1 (S.D.N.Y. Mar. 18, 2014). "Thus, removal of [the] Connecticut [A]ction to the United States District Court for the Southern District of New York [wa]s improper." *Wells Fargo Bank*, 17 Civ. 1850 (S.D.N.Y. Mar. 31, 2017) (holding that removal of Connecticut Superior Court action to this District constituted an "incurable defect[]" and compelled remand); *see also, e.g.*, *Bank of N.Y. Mellon*, 18 Civ. 9823 (S.D.N.Y. Oct. 25, 2018) (concluding that, where the underlying state proceedings had originated in Connecticut Superior Court, "any removal should have been to the federal court in

Connecticut," and the case "[wa]s therefore remanded to the Connecticut Superior Court" (capitalization omitted)).

It bears noting that this is not the Defendant's first attempt to remove the Connecticut Action to the Southern District of New York. In *Commissioner of Motor Vehicles v. Amelio*, 24 Civ. 3543 (AS) (S.D.N.Y.), Defendant filed a virtually identical notice of removal to the one in this case, seeking—as Defendant once again does here—to remove the Connecticut Action to this District. *Compare* ECF No. 1, *with Amelio*, 24 Civ. 3543 (S.D.N.Y. May 10, 2024). "[T]he Court remanded that action to the [Connecticut Superior Court] for the same reasons stated in th[e] [instant] order, namely that the removal was improper." *Bey v. Brann*, 23 Civ. 7247 (LTS) (S.D.N.Y. Aug. 17, 2023); *see Amelio*, 24 Civ. 3543 (S.D.N.Y. May 10, 2024) (remanding as "procedural[ly] defect[ive]" action that had been removed to this District from Connecticut Superior Court). "In light of that prior action [as well as the instant action], the Court finds that [Defendant] [i]s, or should . . . be[], aware that th[e] notice of removal" he has now twice filed "[i]s improper." *Bey*, 23 Civ. 7247 (S.D.N.Y. Aug. 17, 2023). "Accordingly, [Defendant] is warned that the further filing of improper notices of removal or other frivolous litigation in this court may result in an order barring [him] from filing new actions in this court without prior permission." *Id.*; *see Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (addressing circumstances in which "*pro se* litigants who are repeat filers" may be charged with knowledge of particular legal requirements).

In short, this case "is plainly not removable to this Court and is therefore REMANDED to the Connecticut Superior Court." *Bank of N.Y. Mellon*, 18 Civ. 9823 (S.D.N.Y. Oct. 25, 2018).

The Clerk of Court is directed to (1) remand this action forthwith to the Connecticut Superior Court for the Judicial District of Litchfield; (2) mail a certified copy of this Order to the Connecticut Superior Court for the Judicial District of Litchfield, pursuant to 42 U.S.C. § 1447(c); (3) mail a copy of this Order to *pro se* Defendant Carmine P. Amelio; and (4) close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 14, 2024
New York, New York

                                                                                         _____
                                                                                         JENNIFER H. REARDEN
                                                                                         United States District Judge